PER CURIAM.
 

 The appellants appeal the trial court’s entry of summary judgment in favor of the appellee/surety as to liability based on an indemnity agreement and which awarded the appellee more than three million dollars in damages. We affirm, without further discussion, the summary judgment granted in favor of appellee as to its entitlement to indemnification. However, for the reasons discussed below, we reverse and remand for further proceedings to determine damages. Below, the appellee relied on the affidavit of a corporate representative and an attached schedule of payments to establish its damages, including attorneys’ fees. The appellants objected on the ground that the affidavit and attached schedule of payments (which appellants argued was hearsay) was insufficient to establish damages on summary judgment. We agree. The affidavit and attached list of payments is insufficient to award summary judgment as they constitute hearsay.
 
 Cf. Roggemann v. Boston Safe Deposit and Trust Co.,
 
 670 So.2d 1073 (Fla. 4th DCA 1996) (holding that “a trial court cannot rely on affidavits at the hearing to assess attorney’s fees, since they are hearsay”). The appellee failed to establish that the schedule of payments was an admissible business record.
 
 Cf. Jackson v. State,
 
 738 So.2d 382, 386 (Fla. 4th DCA 1999) (holding that in order to be admissible, a business record must be shown to have been: (1) made at or near the time of the event; (2) by or from information transmitted by a person with knowledge; (3) kept in the course of regularly conducted business activity; and (4) that it was the regular
 
 *1270
 
 practice of that business to make such a record). Further, the appellee failed to introduce any other admissible evidence conclusively establishing the amount of damages and the reasonable attorneys’ fees it incurred. Thus, we reverse and remand for further proceedings to determine the amount of damages, including reasonable attorneys’ fees, as established by admissible non-hearsay evidence.
 

 AFFIRMED in part, REVERSED and REMANDED in part.
 

 BARFIELD, CLARK, and ROWE, JJ., concur.