VILLANTI, Judge.
Andre Sas appeals the trial court’s final judgment of foreclosure in favor of Federal National Mortgage Association (Fannie Mae). Although Sas raises several challenges to the final judgment, we find merit in only one of his arguments. Sas argues that Fannie Mae representative Jon Greenlee’s oral testimony about the amount of the debt owed by Sas to Fannie Mae was hearsay and, therefore, legally insufficient to establish the amount of the debt because Fannie Mae never admitted into evidence any business records supporting Greenlee’s testimony. We agree with this argument. Therefore, while we affirm the final judgment of foreclosure, we reverse and remand for further proceedings to determine the amount of the debt owed.
In 2007, Sas financed the purchase of a residence by executing a promissory note and mortgage. In 2009, after Sas defaulted, Chase Home Finance, LLC, as servicing agent for Fannie Mae, filed a foreclosure action against Sas. Fannie Mae was eventually substituted as plaintiff in July 2011. At the bench trial, the only evidence of the total amount due and owed by Sas was testified to by Greenlee, a litigation specialist with Seterus, Inc. Seterus had been Fannie Mae’s mortgage loan servicer since August 1, 2010. As a litigation specialist for Seterus, Greenlee handled contested foreclosure matters and reviewed business records in preparation for trial. However, he had no personal knowledge of the amount of the debt in this ease and testified about the amount based only on his review of Seterus’s business records related to the loan. Specifically, Fannie Mae asked Greenlee: “[Gjoing back to review of the damages in this case, have you had an opportunity based on your business records to review the total amount due and owing in this case?” Greenlee looked at his notes and testified that the total amount due and owing was $240,756.88. Fannie Mae followed up asking, “And that $240,756.88, that particular figure, does that represent all fees and costs due and owing for this particular case based on your review of your business records?” Greenlee replied, “Yes, it does.” Fannie Mae did not produce the business records upon which Greenlee relied to testify about the debt amount, and the trial court overruled Sas’s objection to the testimony as being hearsay. Sas asked to see the personal notes that Greenlee used to refresh his recollection about the amount, but the trial court denied that request. At the end of trial, the court entered a final judgment of foreclosure in the amount of $240,756.88.
A trial court’s ruling on the admissibility of evidence is reviewed for abuse of discretion. Sottilaro v. Figueroa, 86 So.3d 505, 507 (Fla. 2d DCA), review denied, 103 So.3d 139 (Fla.2012). Here, the trial court abused its discretion in allowing Greenlee to testify over objection about the contents of Fannie Mae’s business records to prove the amount of the debt without having first admitted those business records. See Dreyer v. State, 46 So.3d 613, 615 (Fla. 2d DCA 2010) (holding that trial court erred in allowing witness to offer hearsay testimony regarding the amount of money the defendant stole to prove the amount of restitution because the witness had no personal knowledge of *780 the amount at issue and the testimony was based on information received from employees of the victim’s financial institution and from financial statements received from those institutions); A.S. v. State, 91 So.3d 270, 271 (Fla. 4th DCA 2012) (“Because the actual estimate was not admitted into evidence, the testimony concerning its contents should have been stricken. Without this evidence, the record does not provide competent, substantial evidence demonstrating the essential element of value.”); Richardson v. State, 875 So.2d 673, 677 (Fla. 1st DCA 2004) (holding that trial court erred in allowing witness with no personal knowledge to testify about the amount of money taken from a cash register based on the contents of a record that was never introduced into evidence); Thompson v. State, 705 So.2d 1046, 1048 (Fla. 4th DCA 1998) (holding that business record exception to hearsay did not authorize hearsay testimony about the contents of business record reflecting the value of merchandise stolen when the business record was not admitted into evidence); Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894, 895 (Fla. 1st DCA 1980) (“The business records exception is ... inapplicable because there were no records or reports offered into evidence; there was only testimony concerning communications made between the dispatcher and the deputy. Accordingly, we conclude that the hearsay testimony should have been excluded.”).[1]
Based on the foregoing, we reverse and remand for further proceedings to properly establish the amounts allegedly due and owing. See Mazine v. M & I Bank, 67 So.3d 1129, 1131 (Fla. 1st DCA 2011) (remanding for further proceedings where bank failed to lay proper foundation for introduction into evidence of an affidavit of the amounts allegedly due and owing); see generally Dreyer, 46 So.3d at 615 (remanding for new hearing to determine amount of restitution); Mitchell Bros., Inc. v. Westfield Ins. Co., 24 So.3d 1269, 1270 (Fla. 1st DCA 2009) (remanding for further proceedings to determine damages amount through nonhearsay evidence).
Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.
WALLACE and BLACK, JJ„ Concur.

. Our holding makes it unnecessary to address the corollary issue of the trial court's denial of Sas's request to examine Greenlee's notes. See § 90.613, Fla. Stat. (2011); Merlin v. Boca Raton Cmty. Hosp., 479 So.2d 236, 238-39 (Fla. 4th DCA 1985) (explaining that when a witness refers to documents to refresh his memory while testifying, the adverse party is entitled to inspect the documents and to cross-examine the witness about them). These notes are not included in the record on appeal and were not reviewed in camera. Since neither the notes themselves nor any findings of their contents have been presented to us, we make no comment as to whether, if Sas’s right to examine the purported evidence against him had not been denied, this could have sufficed to establish the amount legally owed.