ON MOTION FOR REHEARING & PARTIAL CONCESSION OF ERROR

ROTHENBERG, J.
We grant the appellee’s motion for rehearing, withdraw our former opinion dated December 4, 2013, and substitute the following opinion in its stead.
This appeal comes to us from a final default judgment ordering the foreclosure of the Kelseys’ home in favor of SunTrust Mortgage, Inc. (“SunTrust”). Although the Kelseys have raised several points of error on appeal, we address only one, and based on SunTrust’s proper concession of error, we reverse and remand for further proceedings.
At trial, SunTrust’s only testifying witness was Lauren Gergeceff (“Gergeceff’), a mediation litigation specialist employed by Nationstar Mortgage, LLC (“Nations-tar”).[1] Gergeceff testified that she had no independent knowledge of the loan, she had only seen the subject note for the first time the day of trial, and she had only become familiar with the mortgage file when she learned the case was being tried. Gergeceff also relied on a proposed final order that had been prepared by a third party to testify regarding the amount owing on the note at the time of foreclosure. The Kelseys objected to Gergeceffs authentication of the note, mortgage, and other documents because she lacked the requisite foundation and she was incompetent to testify because her purported knowledge was based entirely on out-of-court documents that had not been made available for inspection, and which were hearsay. The trial court overruled the objections, allowed Gergeceff to testify, and admitted the note and mortgage into evidence.
To establish its entitlement to foreclosure, SunTrust needed to introduce the subject note and mortgage, an acceleration letter, and some evidence regarding the Kelseys’ outstanding debt on the note. See Ernest v. Carter, 368 So.2d 428, 429 (Fla. 2d DCA 1979) (holding that foreclosure plaintiffs must show: (1) an agreement, (2) a default, (3) an acceleration of debt to maturity, and (4) the amount due). Without the proper foundation, the documents Gergeceff relied upon to establish the amount due on the note were indisputably hearsay and were not properly authenticated. § 90.803, Fla. Stat. (2012); Yisrael v. State, 993 So.2d 952, 956 (Fla.2008).
The Kelseys argue, among other things, that the trial court erred in allowing Ger-geceff to authenticate these documents without showing that she was a records custodian or that she had personal knowledge of the documents. SunTrust filed a partial concession of error in this Court, admitting that the trial court erred in allowing the documents, as they are hearsay without the proper authentication. We agree, and remand for rehearing on that issue. The Kelseys’ remaining arguments either lack merit, were decided in their previous interlocutory appeal, or are rendered moot based on our remand.
Reversed and remanded.

. Nationstar began servicing the Kelseys’ loan and mortgage after a modification agreement had allegedly been reached with SunTrust, the original loan servicer.