SLEET, Judge.
Daniel and Aimee Wolkoff appeal the trial court’s final judgment of foreclosure in favor of American Home Mortgage Servicing, Inc. (AHMSI). The Wolkoffs contend that there was insufficient evidence to support the amount of indebtedness owed to AHMSI. We agree and reverse.
On May 16, 2007, the Wolkoffs executed a promissory note and mortgage for $580,300 with American Brokers Conduit. The original note and mortgage were transferred to AHMSI via blank endorsement and assignment shortly thereafter. When the Wolkoffs defaulted on the September 2007 payment, AHMSI issued a default notice to them on October 2, 2007. The Wolkoffs failed to cure the default, and AHMSI filed for foreclosure in January 2008.
At the bench trial in November 2012, AHMSI offered the testimony of Jay Vent, a default case resolution representative for AHMSI, who authenticated the promissory note, mortgage, and payment history. However, when Vent testified about the amount of debt owed by the Wolkoffs he merely confirmed that the totals given to him on a proposed final judgment “seemed accurate”; he never openly recited the total amount of indebtedness, nor did counsel for AHMSI ask him to. AHMSI did not submit the proposed final judgment or any business records relevant to the Wol-koffs’ mortgage payment history as evidence. At trial, the Wolkoffs, who are both experienced in real estate, admitted to executing the note and testified that “money was owed to somebody.” The trial court ultimately entered a final judgment of foreclosure in the amount of $960,660.96, which included costs and an award of attorney’s fees.
It is axiomatic that the party seeking foreclosure must present sufficient evidence to prove the amount owed on the note. Typically a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee’s business records and confirm that they accurately reflect the amount owed on the mortgage. Thereafter, the business records are admitted into evidence. Here, AHMSI attempted to prove the amount of indebtedness by presenting Vent with a proposed final judgment, presumably prepared by AHMSI’s counsel. A document that was identified but never admitted into *282 evidence as an exhibit is not competent evidence to support a judgment. Correa v. U.S. Bank Nat’l Ass’n, 118 So.3d 952, 955 (Fla. 2d DCA 2013).
To the extent that AHMSI argues that the Wolkoffs failed to preserve a challenge to the use of the proposed final judgment through contemporaneous objection, its argument is without merit. Florida Rule of Civil Procedure 1.530(e) provides:
When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.
The Wolkoffs were not required to make a contemporaneous objection to the sufficiency of the evidence in order to preserve the issue for appeal. See Correa, 118 So.3d at 954.
During discovery, the Wolkoffs attempted to obtain copies of all business records that AHMSI intended to introduce into evidence at trial. Despite these efforts and over four years of litigation, AHMSI never provided the records that established the total amount of indebtedness. The mortgage payment history records introduced through Vent were incomplete, out of date, and failed to reflect the current debt owed on the mortgage. These records do not support the dollar amounts contained in the final judgment. There was no testimony or evidence to support the award of interest, taxes, property inspections, property evaluations, or attorney’s fees. Accordingly, we must reverse the final judgment of foreclosure.
At oral argument, AHMSI argued for the first time that under Sas v. Federal National Mortgage Ass’n, 112 So.3d 778 (Fla. 2d DCA 2013), the proper remedy is for this court to reverse and remand for further proceedings so that AHMSI may properly establish the amounts allegedly due and owing under the Wolkoffs’ mortgage. Although this argument may not be properly before the court, see Powell v. State, 120 So.3d 577, 593 (Fla. 1st DCA 2013) (noting that an appellate court should consider arguments raised for the first time at oral argument only in “[r]are or unusual instances”), Sas is distinguishable from the present case. In Sas, the bank submitted evidence of the amount of indebtedness through witness testimony without producing the business records on which the amount was based. 112 So.3d at 779. The trial court overruled Sas’s objection to the testimony as hearsay, and Sas sought review of that ruling in this court. Id. We held that the trial court abused its discretion when it allowed the loan servi-cer’s witness to recite over objection the amount of indebtedness as reflected in the mortgagee’s business records without first admitting those records. Id.
Similarly, in Kelsey v. SunTrust Mortgage, Inc., 131 So.3d 825 (Fla. 3d DCA 2014), the Third District reviewed the trial court’s evidentiary ruling. Kelsey objected to admission of the bank’s records because the records custodian was unqualified and incompetent to testify. The trial court overruled the objection, and the bank submitted the business records that established the amount due on the mortgage. On appeal, the Third District held that it was error for the trial court to admit the documents over objection without proper authentication and reversed and remanded for a rehearing. Id. at 826.
Unlike the lenders in both Sas and Kelsey, AHMSI failed to submit into evidence either the amount of indebtedness or the business records on which the amount was based. Although it appears that the trial court may have relied on the proposed final judgment to enter its order, the proposed final judgment was not entered into *283 evidence, is not a part of the record on appeal, and is not likely an admissible business record of AHMSI. The defendants in the Sas and Kelsey cases objected to the banks’ evidence on hearsay grounds; however AHMSI presented no evidence detailing any amounts due and owing, and under rule 1.530(e) the Wolkoffs did not need to object to challenge the sufficiency of the evidence. In Sas and Kelsey, the focus was the admissibility of the evidence of indebtedness and the equities were balanced in favor of remand. Because we are not reviewing an evidentiary ruling, our standard of review is different than the standard applied in Sas and Kelsey. We review the trial court’s findings for competent, substantial evidence supporting the verdict. Crawford Residences, LLC v. Banco Popular N. Am., 88 So.3d 1017, 1019 (Fla. 2d DCA 2012).
This court’s Correa opinion is instructive. 118 So.3d 952. In Correa, the bank failed to present evidence of the terms of a lost note under section 673.3091(2), Florida Statutes (2007), or its right to enforce the lost note under section 673.3091(l)(b). Although the bank presented the testimony of a records custodian who identified a copy of the lost note, the bank did not submit the document into evidence and the custodian did not testify as to its terms. Correa, 118 So.3d at 955. Accordingly, this court reversed and remanded for the trial court to enter an involuntary dismissal of the complaint. Id. at 957. Similarly, AHMSI’s failure to prove a prima facie case warrants dismissal. See Fla. R. Civ. P. 1.420(b); Allard v. Al-Nayem Int’l, Inc., 59 So.3d 198, 201 (Fla. 2d DCA 2011). Because there is no evidence to support the amounts contained in the final judgment, we are constrained to reverse.
“[Ajppellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof.” Correa, 118 So.3d at 956 (quoting Morton’s of Chi, Inc. v. Lira, 48 So.3d 76, 80 (Fla. 1st DCA 2010)). When a party seeking monetary damages fails to establish an evidentiary basis for the damages ultimately awarded at trial, reversal for entry of an order of dismissal is warranted. Morton’s, 48 So.3d at 80. AHMSI had over four years to produce business records that could prove the amount of the Wolkoffs’ indebtedness, and it had the opportunity at trial to prove its case. Instead, at trial, it relied on an unauthenticated document prepared in anticipation of litigation. AHMSI failed to satisfy its burden to prove the amount of debt owed. Therefore, dismissal is appropriate. See Allard, 59 So.3d at 201.
Accordingly, we see no reason to afford AHMSI a second opportunity to prove its case. We reverse and remand with directions for the trial court to enter an order of involuntary dismissal.
DAVIS, C.J., and SILBERMAN, J., Concur.