DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**BRIAN M. BEAUCHAMP,**
Appellant,

v.

**THE BANK OF NEW YORK, TRUST COMPANY, N.A., AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A. AS TRUSTEE,**
Appellee.

No. 4D13-3841

[October 15, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Kathryn Nelson, Judge, and George A. Shahood, Senior Judge; L.T. Case No. 562007CA002162A.

Robert P. Summers of McCarthy, Summers, Bobko, Wood, Norman, Bass & Melby, P.A., Stuart, for appellant.

Marc James Ayers of Bradley, Arant, Boult, Cummings, LLP, Alabama, for appellee.

CONNER, J.

Brian Beauchamp appeals the trial court's final judgment of foreclosure in favor of the Bank of New York ("the Bank"). Although Beauchamp lodges several challenges to the final judgment, we find merit in only one of his arguments. Beauchamp argues that the trial court erred in admitting hearsay testimony as to the amount of debt owed under the note in connection with the contents of a business record without having the business record admitted into evidence. Without inadmissible hearsay, Beauchamp asserts that there was no evidence to establish the amount due on the note. We agree and reverse for further proceedings.

The mortgage was executed by Beauchamp and Lois Taylor in 2002. The note was executed only by Lois Taylor, who subsequently passed away. In 2007, the Bank initiated a foreclosure action against Beauchamp and the matter proceeded to a non-jury trial in 2012.

At the conclusion of the Bank's case, Beauchamp moved for an involuntary dismissal, arguing that there was no evidence as to the amount of debt owed on the note. The trial court permitted the Bank to reopen its case in order to provide such evidence. The Bank presented testimony from a representative of GMAC Mortgage, the servicer of the loan. The witness testified about the amount due under the note over the objection of Beauchamp's counsel, who argued that the testimony was inadmissible hearsay because the testimony concerned the contents of business records which had not been introduced into evidence. The trial court overruled the objection and, at the conclusion of the case, entered final judgment of foreclosure in favor of the Bank.

On rehearing, the Bank conceded that the trial court erred in admitting hearsay testimony as to the amount of damages in connection with the contents of a business record without having the business record admitted into evidence. However, the parties disagreed as to what the court should do about the error. Beauchamp argued that the case should be dismissed, while the Bank asserted that the court could remand for further proceedings to properly establish the amount due under the note. Alternatively, the Bank maintained that because Beauchamp had not signed the note and was therefore not liable for any money damages, the appropriate course of action would be to allow the foreclosure to proceed without further evidentiary proceedings, because the proceeding was *in rem* as to Beauchamp. Apparently agreeing with the alternative argument, the trial court stated that it was "sitting in the court of equity" and denied Beauchamp's motion for involuntary dismissal.

On appeal, the Bank argues that even if the trial court erred in permitting hearsay testimony regarding the amount due under the note, such error was harmless and is not grounds for a new trial unless a substantial right of a party was adversely affected. *See Bulkmatic Transp. Co. v. Taylor*, 860 So. 2d 436, 447-48 (Fla. 1st DCA 2003); § 90.104(1), Fla. Stat. (2013). The Bank reasons that because Beauchamp did not sign the note, he is not liable for paying any money judgment, and as such, the error did not adversely affect Beauchamp's substantial rights.

We agree with Beauchamp that the erroneous admission of the hearsay testimony as to damages was not made harmless by virtue of Beauchamp's non-liability for payment of the note. While Beauchamp would not be responsible for any deficiency that remained after the sale of the property, he *did* sign the mortgage, and the final judgment would foreclose his ownership rights by a judicial sale. As the mortgagor, Beauchamp has a right of redemption wherein he may prevent divestiture of his legal title upon payment of the amount of the debt specified in the judgment. *CCC*

*Props., Inc. v. Kane*, 582 So. 2d 159, 161 (Fla. 4th DCA 1991); § 45.0315, Fla. Stat. (2013).[1] Therefore, even though Beauchamp is not personally liable for the debt, the amount of the debt owed is important as it relates to Beauchamp's right of redemption, specifically as to the amount due under the judgment in order to exercise his right to stop the foreclosure sale.

Thus, the Bank's failure to provide admissible evidence that would establish the proper amount due on the note was not harmless error. Rather, proof of the amount of debt owed was required to allow the foreclosure, and Beauchamp's ownership rights and right of redemption are substantive rights that were adversely affected by the error.

We affirm the judgment of foreclosure, except as to the amount due under the note, and remand the case for further proceedings to determine that amount. *See Sas v. Fed. Nat'l. Mortg. Ass'n*, 112 So. 3d 778 (Fla. 2d DCA 2013) (affirming final judgment, but reversing and remanding for further proceedings to determine the amount of the debt owed where testimony from Fannie Mae's representative regarding the amount of the debt was inadmissible hearsay because the representative testified about business records that were not submitted into evidence).[2]

---

[1] Section 45.0315 provides that:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, *the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure*, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

§ 45.0315, Fla. Stat. (2013) (emphasis added).

[2] We recognize that a different conclusion was reached in *Wolkoff v. American Home Mortgage Servicing, Inc.*, No. 2D12-6460, 2014 WL 2378662 (May 30, 2014), where the Second District reversed the trial court's final judgment of foreclosure and dismissed the case because the plaintiff mortgage company "failed to satisfy its burden to prove the amount of debt owed." *Id.* at *3. In that case, a representative of the plaintiff mortgage company "merely confirmed that the totals given to him on a proposed final judgment 'seemed accurate'; he never

*Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

openly recited the total amount of indebtedness, nor did [plaintiff's counsel] ask him to." *Id.* at *1. The court in *Wolkoff* distinguished *Sas* on the ground that in *Sas*, the plaintiff "submitted evidence of the amount of indebtedness through witness testimony," although that testimony was inadmissible hearsay, unlike the plaintiff in *Wolkoff*, who failed to offer any evidence at all—whether admissible or not.

The facts of the instant case are more similar to *Sas* than *Wolkoff* because here, like the plaintiff in *Sas*, the Bank established the amount of indebtedness through witness testimony, even though that testimony concededly was inadmissible hearsay. This is unlike *Wolkoff*, where the plaintiff failed to produce any evidence, admissible or not, supporting the amount of indebtedness.

4