DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATACHA PEUGUERO** and **ANGELO PEUGUERO,**
Appellants,

v.

**BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP,**
Appellee.

No. 4D13-3210

[July 15, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin L. Rosenberg, Judge; L.T. Case No. 502009CA005550XX.

Thomas Erskine Ice and Amanda L. Lundergan of Ice Appellate, Royal Palm Beach, and Thomas D. Hall of The Mills Firm, P.A., Tallahassee, for appellants.

J. Randolph Liebler, Tricia J. Duthiers, Adam M. Topel, and Kristen Tajak of Liebler Gonzalez & Portuondo, Miami, and Lisa J. Geiger and Matt Mitchell of Burr & Forman, LLP, Orlando, for appellee.

FORST, J.

Appellants Natacha and Angelo Peuguero appeal the entry of a final judgment of foreclosure in favor of Appellee Bank of America ("the Bank"). While we disagree with Appellants' argument that the foreclosing bank failed to prove standing, we agree that the Bank failed to provide sufficient evidence to support the judgment amount. Therefore, we affirm the trial court's entry of judgment, but we reverse and remand for a determination of the correct amounts owed.

**Background**

Appellants executed a note and mortgage in favor of Diversified Mortgage in August 2007. By 2009, Appellants were no longer able to make payments on the loan. Countrywide Bank filed a complaint to

foreclose on the loan in August 2009, alleging that it was the owner and holder of the note. The complaint included a count to reestablish a lost note. Attached to the complaint was an unendorsed copy of the note.

In April 2011, Countrywide moved to amend the name of the plaintiff in the action to the Bank, as Countrywide and the Bank had merged. An amended complaint was filed by the Bank in December 2011. A copy of the note, now including an allonge, was attached to the Amended Complaint. The allonge contained endorsements from Diversified Mortgage (the original lender) to Countrywide FSB, from Countrywide FSB to Countrywide Home Loans, then back to Countrywide FSB, and finally a blank endorsement. None of the endorsements were dated.

At trial, the Bank called one of its employees to testify. This witness testified that she was familiar with the record-keeping practices of both the Bank and Countrywide and that the payment history for this loan was kept in the ordinary course of business. On the strength of this testimony, the trial court admitted the payment history into evidence.

The witness was also asked to confirm the amount owed by Appellants to the Bank. Relying on a proposed judgment drafted by the Bank, but not entered into evidence, the witness testified to both the principal and interest owed on the loan.

The trial court entered a final judgment of foreclosure in favor of the Bank in the amount of $697,807.36. Appellants now appeal the judgment against them, arguing the Bank's witness was not qualified to testify, that the original plaintiff in this action, Countrywide, did not have standing when it filed the complaint, and that the trial court erred by allowing the witness to testify from the proposed judgment. While we hold that the Bank adequately proved Countrywide had standing to file the initial complaint, we agree with Appellants' challenge to the calculation of the interest due as part of the judgment award.

**Admissibility of Payment History**

Appellants initially argue that testimony by the Bank's witness concerning Appellants' loan payment history should have been deemed inadmissible hearsay and not as an exception to the hearsay rule. The business records exception, found in section 90.803(6), Florida Statutes (2013), allows a party to introduce evidence that would normally be inadmissible hearsay if:

(1) the record was made at or near the time of the event; (2)

2

was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

*Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008). Here, the witness provided enough testimony to meet these requirements.

We have previously addressed a similar situation in *Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214 (Fla. 4th DCA 2014). There, a foreclosing bank introduced a printout of a loan payment history as a business record. *Id.* at 1217. The bank called a witness, who testified that other bank employees routinely input payments into the bank's computer system and that the record presented at trial was simply a printout of the bank's records that was printed specifically for trial. *Id.* at 1216. We affirmed the trial court's admission of this document, holding that the records were admissible, even if the printouts were not kept in the ordinary course of business, "so long as a qualified witness testifies as to the manner of preparation, reliability, and trustworthiness." *Id.* at 1217. Relying on *Weisenberg v. Deutsche Bank National Trust Co.*, 89 So. 3d 1111, 1113 (Fla. 4th DCA 2012), we held that the witness had sufficient knowledge where he "demonstrated his familiarity with [the bank]'s record-keeping system and the process for uploading payment information." *Cayea*, 38 So. 3d at 1218.

Likewise, the witness in this case testified that even though she was not responsible for maintaining or updating the records, she was familiar with the Bank's procedures for inputting payment information into the proper computer systems. Although she was unable to give the precise name for each group in the Bank's structural hierarchy that was responsible for entering various events into the computerized records, she knew that events/transactions were processed at the time of their occurrence and placed into the Bank's systems, as per the standard business practice of the Bank. Furthermore, the trial court did not find any indication that the witness's testimony was unreliable. Therefore, based on our precedent in *Cayea*, we find that the witness was qualified to lay the foundation for the admission of the business records.

"The law is . . . clear there is no per se rule precluding the admission of computerized business records acquired from a prior loan servicer." *Glarum v. LaSalle Bank Nat'l Ass'n*, 83 So. 3d 780, 782 n.2 (Fla. 4th DCA 2011). The records from a prior servicer must, of course, have some indicia of accuracy, either through personal knowledge of a witness, as discussed in *Holt v. Calchas, LLC*, 155 So. 3d 499, 504 (Fla. 4th DCA 2015), or a

showing of some contractual relationship between the current and prior servicers. *Bank of N.Y. v. Calloway*, 157 So. 3d 1064, 1072 (Fla. 4th DCA 2015). For example, in *WAMCO XXVIII, Ltd. v. Integrated Electronic Environments, Inc.*, 903 So. 2d 230, 232-33 (Fla. 2d DCA 2005), the court held that a document detailing amounts owed was admissible as a business record even where the witness's testimony was based on information from a previous holder of the note. The witness testified that he knew how the prior holder's accounting systems worked and that "the procedures were 'bank-acceptable accounting systems.'" *Id.* at 233. Further, the witness testified that the current holder verified the records for accuracy when it obtained them. *Id.* In the instant case, the witness testified that she was familiar with the record-keeping practices of the prior holder of the note, Countrywide. She testified that, based on her training, Countrywide and the Bank had identical procedures and record-keeping systems in place.

A trial court's ruling on the admissibility of evidence under the business records hearsay exception is reviewed for an abuse of discretion. *See Cayea*, 138 So. 3d at 1216; *LEA Indus., Inc. v. Raelyn Int'l Inc.*, 363 So. 2d 49, 52 (Fla. 3d DCA 1978) ("[I]t lies within the trial court's discretion to determine whether admission of . . . business records is justified."). In the instant case, based on the weight afforded by the trial court to the testimony of the Bank's witness, the admission of the business records of the prior note holder to establish the loan payment history was not an abuse of discretion.

**Standing**

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose. Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (internal citations omitted). "[A] party's standing is determined at the time the lawsuit was filed." *Id.*

In this case, the original plaintiff, Countrywide, had standing at the time it filed suit. At trial, the Bank offered the note, mortgage, allonge, and notice-of-default letter into evidence. Although the witness was unable to specify exactly when Countrywide first held the note, the loan payment history reveals that Countrywide began receiving payments from Appellants shortly after the closing date for the loan. Additionally, the loan payment history indicates that Countrywide paid taxes and other fees associated with the mortgaged property in the time prior to the filing of the

original complaint.  This is a noteworthy factor in determining standing, as financial institutions are not known to incur expenses on behalf of properties for which they do not hold an interest.

The undated allonge, in combination with the testimony of the Bank's witness, indicates that Countrywide, in various corporate forms, was a holder of the note prior to the endorsement in blank.  Where holder status is based on an endorsement in blank, the plaintiff must prove that the endorsement was effectuated before the lawsuit was filed.  *Feltus v. U.S. Bank Nat'l Ass'n*, 80 So. 3d 375, 377 n.2 (Fla. 2d DCA 2012).  A plaintiff need not prove the exact date of a necessary endorsement to show standing at the inception of the foreclosure action—testimony that the endorsement was effectuated before the filing of the complaint will suffice.  *See McLean*, 79 So. 3d at 173 (concluding an affidavit of ownership is sufficient to prove standing).

Here, the witness responded in the affirmative to a cross-examination inquiry as to whether the endorsements on the allonge were "definitely put on before the filing of the complaint."  She testified that Countrywide owned and held the note when the complaint was filed and that its policy and procedure is to have notes endorsed before foreclosure complaints are filed.  "Evidence of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is admissible to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice." § 90.406, Fla. Stat. (2013); *People's Trust Ins. Co. v. Roddy*, 134 So. 3d 1071, 1073 (Fla. 4th DCA 2013); *Shands Teaching Hosp. & Clinics, Inc. v. Dunn*, 977 So. 2d 594, 599 (Fla. 1st DCA 2007) ("The existence of a routine practice creates an inference that an agent or employee of the organization acted according to the practice.  In the absence of contrary evidence, jurors may properly assume that an employee has adhered to established procedures." (citation omitted)).

The Bank, successor in interest to Countrywide, furnished sufficient admissible testimony and evidence from which the trier of fact could conclude that all endorsements on the allonge were made before the filing of the complaint and that Countrywide was a holder with standing to foreclose at the time of filing the original complaint.

## Calculation of Interest Owed

Despite our agreement with the trial court that the Bank adequately proved standing, we are compelled to partially reverse the trial court's ruling on the issue of damages.  At trial, the only evidence of the amount

of interest owed by Appellants came from the witness, who merely testified that the amount written on a proposed final judgment was correct. However, this proposed judgment was never admitted into evidence. While the loan payment history, which was submitted into evidence, reflects the amount of principal owed on the loan, there are no entries that indicate the accrual of the almost $200,000 in interest the trial court granted to the Bank.

"A document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment." *Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 281-82 (Fla. 2d DCA 2014). In *Wolkoff*, the Second District reversed a judgment of foreclosure where the plaintiff's witness "merely confirmed that the totals given to him on a proposed final judgment 'seemed accurate'" and never actually stated the total amount owed. *Id.* at 281. Similarly, in *Sas v. Federal National Mortgage Ass'n*, 112 So. 3d 778, 779 (Fla. 2d DCA 2013), the plaintiff presented witness testimony of the specific amount owed, but failed to produce the business records upon which the witness relied.

While the court in *Wolkoff* remanded that case to the trial court with instructions to enter an involuntary dismissal, 153 So. 3d at 283, the *Sas* court remanded the case for further proceedings to establish the amounts owed. 112 So. 3d at 780. We addressed the *Wolkoff/Sas* dichotomy in *Beauchamp v. Bank of New York*, 150 So. 3d 827 (Fla. 4th DCA 2014). In choosing remand rather than reversal, we noted

> [t]he facts of the instant case are more similar to *Sas* than *Wolkoff* because here, like the plaintiff in *Sas,* the Bank established the amount of indebtedness through witness testimony, even though that testimony concededly was inadmissible hearsay. This is unlike *Wolkoff,* where the plaintiff failed to produce any evidence, admissible or not, supporting the amount of indebtedness.

*Id.* at 829 n.2.

The instant case, like *Beauchamp* and *Sas*, featured a witness who testified to an exact amount of damages, but relied on evidence not in the record. Furthermore, unlike *Wolkoff,* the loan payment history here was submitted into evidence. Therefore, the proper remedy in this case is to remand for further proceedings to properly establish the damages owed. *See also Mazine v. M & I Bank,* 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011) (remanding for new damages determination where documentary evidence necessary to establish damage amount was erroneously admitted without foundation).

## Conclusion

The trial court properly admitted the loan payment history under the business records exception.  Likewise, the Bank was able to show the original plaintiff had standing at the time it filed suit.  However, the trial court erred by basing the amount of the final judgment on a document not in evidence.  Therefore, we reverse and remand for determination of the amounts owed.

*Affirmed in part, reversed in part.*

WARNER and GROSS, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***