DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARTURO CARDONA** and **AIDA PALOMINO,**
Appellants,

v.

**NATIONSTAR MORTGAGE, LLC,**
Appellee.

No. 4D14-1609

[August 19, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John J. Hoy, Judge; L.T. Case No. 502010CA21967XXXXMB.

Jeffrey Harrington and Millie Orrico of Harrington Law Associates PLLC, West Palm Beach, for appellants.

Nancy M. Wallace and Michael J. Larson of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, for appellee.

MAY, J.

The homeowners appeal a final judgment of foreclosure. They argue the trial court erred in allowing the bank's witness to testify about the content of business records not introduced into evidence, and in finding the bank proved standing. We agree with the homeowners on the first issue and reverse.

In an amended complaint, the bank alleged it was the holder of the note. The same copy of the mortgage, note, and allonge attached to the original complaint were attached to the amended complaint. The bank also attached a corporate assignment of the mortgage to the bank, dated June 27, 2012.

In September 2013, the bank filed a "Certification as to Original Promissory Note" dated September 21, 2013, which stated that the bank physically possessed the note. The homeowners answered and asserted lack of standing as an affirmative defense.

The case proceeded to a non-jury trial in April 2014. A bank employee, who had worked for the bank since January 2014, testified. He never worked for the predecessor bank. He was familiar with the loan only as a result of his review of the bank's business records, which were kept in the ordinary course of business. His job involved research and interpretation of the bank's business records.

He testified that the records were created by individuals who entered the data contemporaneously with the events recorded. The homeowners objected to his testimony as hearsay. The court overruled the objection.

The bank introduced the original note, the blank endorsed allonge, and the mortgage, which the bank employee identified. He testified that the note was in "the bank's" possession when the complaint was filed without identifying whether it was the current or predecessor bank. He based his testimony on his review of business records kept in the bank's internet database, FileNet. The homeowners objected to this testimony as hearsay, which the court again overruled.

The bank employee testified about: (1) the breach letter; (2) the loan and the homeowners' uncured default; (3) the homeowners' loan payment history; and (4) the proposed final judgment figures, which he confirmed as correct. On cross-examination, the bank employee admitted his job was to review cases in preparation for trial, review defaulted mortgages, and attend mediation. He reiterated the entire history of the subject loan based on his review of business records, but he did not bring the records to court because they are kept on FileNet.

At that point, the homeowners moved to strike the bank employee's testimony on the basis that he could not testify about business records that were not admitted into evidence. The court denied the motion. After closing argument, the court entered a final judgment of foreclosure in favor of the bank. From that final judgment, the homeowners appeal.

The homeowners argue the trial court erred when it admitted the bank employee's testimony that "the bank" was in possession of the note at the time it filed the foreclosure complaint because his only knowledge was based on his review of business records not introduced into evidence. The bank responds the trial court did not err because its employee testified he had personal knowledge of the bank's possession of the note from reviewing the bank's business records and complete loan history. The homeowners reply that while the bank employee may have had personal knowledge based on his review of business records, those records must be admitted into evidence for the testimony to be admissible.

We review evidentiary issues for an abuse of discretion. *Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214, 1216 (Fla. 4th DCA 2014) (citing *Hayes v. Wal-Mart Stores, Inc.*, 933 So. 2d 124, 126 (Fla. 4th DCA 2006)).

The Second District's decision in *Sas v. Federal National Mortgage Ass'n*, 112 So. 3d 778 (Fla. 2d DCA 2013), is instructive on this issue. There, the only evidence of the loan amount due was testimony from a litigation specialist with the loan servicer. *Id.* at 779. His testimony was based on his review of the servicer's business records; he had no other personal knowledge. *Id.* The bank did not produce the business records upon which the witness relied. *Id.*

The Second District held "the trial court abused its discretion in allowing [the witness] to testify over objection about the contents of [the bank's] business records to prove the amount of the debt without having first admitted those business records." *Id.* We have held the same. *See, e.g., Beauchamp v. Bank of N.Y.*, 150 So. 3d 827, 829 (Fla. 4th DCA 2014) (remanding for determination of debt owed because witness testified about debt owed based on his review of business records not introduced into evidence).

Here, the bank employee specifically testified his only knowledge of "the bank's" possession of the note at the time the complaint was filed was based on his review of the bank's business records via FileNet. He did not work for the predecessor bank and was not personally involved in the transaction. Without the business records, the bank's employee had no personal knowledge.

Because the business records were not introduced into evidence, the trial court erred by overruling the homeowners' hearsay objection. We therefore reverse and remand the case for a new trial. *See Bank of N.Y. v. Calloway*, 157 So. 3d 1064, 1073–74 (Fla. 4th DCA 2015) (reversing for a new trial where trial court erred in failing to admit business records). This renders the homeowners' second issue moot.

*Reversed and Remanded for a new trial.*

WARNER and KLINGENSMITH, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**