DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IAIN** and **NATASHA McMILLAN,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON**, f/k/a THE BANK OF NEW YORK,
as Trustee for the Certificate Holders of CWALT, INC., Alternative Loan
Trust 2006-J8, Mortgage Pass-Through Certificates, Series 2006-J8,
Appellee.

No. 4D14-514

[December 2, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 2008CA038436.

Brian Korte of Korte and Wortman, P.A., West Palm Beach, for appellants.

Alan M. Pierce, J. Randolph Liebler and Tricia J. Duthiers of Liebler Gonzalez & Portuondo, Miami, for appellee.

KLINGENSMITH, J.

Iain and Natasha McMillan ("appellants") appeal the trial court's final judgment of foreclosure in favor of The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-J8, Mortgage Pass-Through Certificates, Series 2006-J8 (the "bank"). We affirm on all issues save one; namely, whether testimony from the bank's witness regarding certain amounts due and owing were proved by competent, substantial evidence. On that issue, we agree with appellants and remand.

During the trial, the bank called a witness employed by the company servicing appellants' loan. That witness was given a copy of a proposed final judgment to assist in providing her testimony regarding the specific amounts due. Although the witness did not create the proposed judgment, she read from it for the express purpose of providing the trial judge with amounts for interest, taxes, hazard insurance, property inspection fees, an expert affidavit review, and a courier fee, all sought to

be recouped from appellants. The trial judge stated the document would not be placed in evidence.

The witness never produced the actual business records that substantiated those figures. Counsel for appellants moved for involuntary dismissal at the close of the bank's case, arguing in part that the bank failed to prove the amounts allegedly owed because no evidence was admitted to support the figures discussed above other than the witness reading from a document that was not marked as an exhibit or entered into evidence.

The facts of this case are analogous to those described in *Peuguero v. Bank of America, N.A.*, 169 So. 3d 1198, 1200-01 (Fla. 4th DCA 2015). There, "the only evidence of the amount of interest owed . . . came from [a] witness, who merely testified that the amount written on a proposed final judgment was correct." *Id.* at 1203. Like this case, the "proposed judgment was never admitted into evidence." *Id.* We noted:

> "A document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment." *Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 281–82 (Fla. 2d DCA 2014). In *Wolkoff,* the Second District reversed a judgment of foreclosure where the plaintiff's witness "merely confirmed that the totals given to him on a proposed final judgment 'seemed accurate'" and never actually stated the total amount owed. *Id.* at 281. Similarly, in *Sas v. Federal National Mortgage Ass'n*, 112 So. 3d 778, 779 (Fla. 2d DCA 2013), the plaintiff presented witness testimony of the specific amount owed, but failed to produce the business records upon which the witness relied.

*Id.*

As we held in *Peuguero*, this case appears to be closer to *Sas* than *Wolkoff*. "'[L]ike the plaintiff in *Sas*, [here] the Bank established the amount of indebtedness through witness testimony, even though that testimony concededly was inadmissible hearsay. This is unlike *Wolkoff*, where the plaintiff failed to produce any evidence, admissible or not, supporting the amount of indebtedness.'" *Id.* at 1204 (quoting *Beauchamp v. Bank of N.Y.*, 150 So. 3d 827, 829 n.2 (Fla. 4th DCA 2014)).

Based on the foregoing, we affirm the judgment of foreclosure, but reverse as to the amounts in the final judgment relating to interest,

2

hazard insurance, the property inspection fee, the expert affidavit review, and the courier fee. We remand the case for further proceedings to determine the amounts owed. *See id.* (remanding for proper "determination of amounts owed"); *see also Beauchamp*, 150 So. 3d at 828 (noting the bank's "failure to provide admissible evidence that would establish the proper amount due on the note was not harmless error," and "remand[ing] the case for further proceedings to determine that amount").

*Affirmed in part; Reversed in part; Remanded for further proceedings consistent with this opinion.*

DAMOORGIAN and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3