DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**E&Y ASSETS, LLC,**
Appellant,

v.

**TOTARAM SAHADEO** and **PHULMATTI SAHADEO,**
Appellees.

No. 4D14-4054

[December 9, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; George A. Shahood, Senior Judge; L.T. Case No. 562012CA004403.

A. Max Zaretsky of Richard P. Zaretsky, P.A., West Palm Beach, for appellant.

John J. Spittler, Jr. of Spittler Read & Associates, P.A., Miami, for appellees.

PER CURIAM.

We affirm the involuntary dismissal of this mortgage foreclosure action. Appellant's witness at trial based his testimony on records that were not in evidence and was unable to provide competent evidence of the amount owed on the note. *See Wolkoff v. Am. Home Mortg. Serv., Inc.*, 153 So. 3d 280, 281 (Fla. 2d DCA 2014); *see also Bank of Am., N.A. v. Delgado*, 166 So. 3d 857, 858 (Fla. 3d DCA 2015) ("Foreclosure plaintiffs must show: (1) an agreement; (2) a default; (3) an acceleration of debt to maturity; and (4) *the amount due.*") (emphasis added). "Typically a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee's business records and confirm that they accurately reflect the amount owed on the mortgage." *Wolkoff*, 153 So. 3d at 281. Where a foreclosure plaintiff fails to prove the amount due at trial the proper remedy is dismissal. *Id.* at 283. This is not a case where the trial court erroneously *admitted* evidence of the amount owed on a note; in such a case it is appropriate to remand for further proceedings to determine the amount of the debt owed. *See Sas v. Fed. Nat'l Mortg. Ass'n,* 112 So. 3d 778, 779 (Fla. 2d DCA 2013).

The trial court also dismissed for a reason separate from the failure of proof of the amount due.  Appellant is correct that dismissal should not have also been based on the failure of the mortgagee to perform a condition precedent.  Appellant generally pleaded the performance of a condition precedent.  Fla. R. Civ. P. 1.120(c).  Appellee failed to deny performance "specifically and with particularity."  *Id.*  "An affirmative defense is waived unless it is pleaded."  *Johnston v. Hudlett,* 32 So. 3d 700, 704 (Fla. 4th DCA 2010); *see also Bank of Am., Nat'l Ass'n v. Asbury,* 165 So. 3d 808 (Fla. 2d DCA 2015); *Godshalk v. Countrywide Home Loans Serv., L.P.,* 81 So. 3d 626 (Fla. 5th DCA 2012).

*Affirmed.*

GROSS, MAY and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**