CIKLIN, C.J.
Mario and Rosal Marsden (the “borrowers”) challenge a final judgment of foreclosure entered in favor of BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. (the “bank”). They raise multiple issues on appeal. We find only one has merit, and reverse and rer mand for the trial court to enter an amended final judgment and therein to eliminate its award of interest, in that the record is devoid of any such proof.
The borrowers argue that the bank did not prove the amount of damages reflected in the final judgment. We agree, but only as to the award of interest. At trial, the bank relied on a payment history to prove its damages. The payment history, however, does not provide an evidentiary basis for the inclusion of any interest. Further, the face of the note does not make apparent how much interest, if any, is owed. The bank’s witness testified that the amounts in a proposed final judgment were consistent with the payment history, but the witness did not offer any testimony as to the amount of interest owed, and the proposed final judgment was not entered into evidence.[1] Because the bank did not present any evidence of the amount of interest owed, we reverse and remand for the trial court to amend the final judgment and remove any calculations for interest.

Reversed and remanded with instructions.

WARNER and GERBER, JJ., concur.

. If the bank had offered some, but insufficient, evidence of the amount of interest owed, we would remand for the trial court to take additional evidence. See McMillan v. Bank of New York Mellon, 180 So.3d 1090, 1091-92 (Fla. 4th DCA 2015).