CIKLIN, C.J.
Ottawa Properties 2 LLC, the defendant below, appeals a final judgment of foreclosure entered in favor of the plaintiff, arguing that the plaintiff failed to establish the total amount of damages and its standing at the inception of the suit. We find that the plaintiff established standing, and affirm on that issue without further discussion. However, we reverse and remand for further proceedings on damages.
At trial, the plaintiff introduced a loan history summary,[1] which established that the defendant owed as principal the amount of $308,455.29. The plaintiffs witness testified from a proposed final judgment not entered into evidence that the total amount of damages was $541,673.98, and that the amounts reflected in the proposed judgment were calculated “based on the loan history summary and anything that may not appear on the loan history summary but is outstanding.” He further testified that he relied on the loan history summary to determine that the amount due was accurately reflected in the proposed final judgment. The damages awarded in the final judgment total $541,673.98, of which $308,455.29 is for principal. The remainder is made up of *103 interest, title search expenses, taxes, insurance, and late charges.
On appeal, the defendant argues that this court should reverse and remand for entry of a final judgment in its favor, as the plaintiff did not establish the total amount of damages reflected in the final judgment. Because there was some, but insufficient, evidence of the total amount of indebtedness, we reverse on the issue of damages and remand for further proceedings. See McMillan v. Bank of New York Mellon, 180 So.3d 1090, 1091-92 (Fla. 4th DCA 2015); Peuguero v. Bank of America, N.A., 169 So.3d 1198, 1204 (Fla. 4th DCA 2015).

Affirmed in part, reversed in part, and remanded.

WARNER and CONNER, JJ., concur.

. The defendant also argues that the loan history summary was hearsay and that the plaintiff failed to lay a foundation for its admission under the business records exception. We find that "the trial court did not err in admitting the record.