NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GINA PAETH,                                )
                                           )
          Appellant,                       )
                                           )
v.                                         )          Case No. 2D16-2953
                                           )
U.S. BANK NATIONAL ASSOCIATION,            )
as trustee for the C-Bass Mortgage Loan    )
Asset-Backed Certificates, Series          )
2006-RP2,                                  )
                                           )
          Appellee.                        )
_____)

Opinion filed June 23, 2017.

Appeal from the Circuit Court for Lee
County; James R. Thompson, Senior Judge.

Gina Paeth, pro se.

Michael Eisenband and Nicole Topper of
Blank Rome LLP, Fort Lauderdale, for
Appellee.


VILLANTI, Chief Judge.


         Gina Paeth seeks review of the final judgment of foreclosure entered in

favor of U.S. Bank National Association.  We reject without comment Paeth's arguments

addressed to the Bank's standing and the sufficiency of its evidence to support the order

of foreclosure.  However, we agree with Paeth that the evidence introduced by the Bank

to establish the amount of Paeth's indebtedness does not support the amounts included in the final judgment. Therefore, we reverse the final judgment as to the amount of the indebtedness and remand for further proceedings.

At the bench trial on its foreclosure complaint, the Bank offered into evidence the note and mortgage, various allonges, a modification of the note, a Pooling and Service Agreement, and a payment history that began in 2001—when the Bank first took possession of the note—and ended, for the most part, on September 1, 2011. Paeth did not object to the introduction of any of this documentary evidence at trial. Now, however, she argues that the trial court erred by admitting the payment history into evidence because it was hearsay, and she argues that the payment history, once admitted, was insufficient to support the amount of the indebtedness included in the final judgment.

As to Paeth's argument concerning the admissibility of the payment history, this issue is not properly before this court because Paeth did not object to the admission of the document below. While Paeth is entitled to raise the sufficiency of the evidence on appeal without an objection raised below, see Fla. R. Civ. P. 1.530(e), this rule does not permit her to challenge the admissibility of evidence in the absence of an objection—only the sufficiency of the admitted evidence. Therefore, any objection to the admissibility of the payment history was waived and cannot support a reversal on appeal.

However, Paeth also argues that the payment history was legally insufficient to support the trial court's determination of the amount of indebtedness because it is incomplete—an argument concerning the sufficiency of the admitted

evidence that is properly before this court in this appeal. We reject Paeth's arguments concerning the amount of unpaid principal and interest because those amounts are supported by the evidence, including the note, the note modification, and the payment history. However, the remaining amounts included in the judgment—for property taxes, hazard insurance, and a "prior escrow balance"—are not supported by any of these documents. Instead, the final judgment includes $7714.54 for these items, while the payment history shows a balance of only $7216.67 for these items. Further, other items included in the final judgment for filing fees, "title information," property inspections, and the like are not supported by either the payment history, an affidavit, or any other evidence in the record. Therefore, the amounts awarded in the final judgment for all amounts other than unpaid principal and interest are not supported by the evidence introduced at trial, and we must reverse the final judgment to the extent that it includes these amounts.

The remaining question is the proper scope of the proceedings on remand. This court has previously made a distinction between cases in which evidence of indebtedness was improperly admitted or was insufficient from those in which no evidence of the amount of indebtedness was admitted. See Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 282-83 (Fla. 2d DCA 2014). In the former cases, in which some evidence was offered, the courts have remanded for further proceedings at which the plaintiff could, in essence, try again. See Sas v. Fed. Nat'l Mortg. Ass'n, 112 So. 3d 778 (Fla. 2d DCA 2013); Kelsey v. SunTrust Mortg., Inc., 131 So. 3d 825 (Fla. 3d DCA 2014). In the latter cases, however, in which the plaintiff failed to offer any evidence of the amount of the indebtedness, the courts have held that the proper

remedy is to remand for an involuntary dismissal rather than to give the party making the error "an opportunity to retry their case." Wolkoff, 153 So. 3d at 283 (quoting Correa v. U.S. Bank Nat'l Ass'n, 118 So. 3d 952, 956 (Fla. 2d DCA 2013)).

Here, as in Sas and Kelsey, the Bank offered some evidence, albeit insufficient, to prove the amount of indebtedness; therefore, as in Sas and Kelsey, the Bank is entitled to further proceedings on remand to determine the amount of the indebtedness.  Notably, this is the only relief Paeth requested in her appeal.  Therefore, on remand, the trial court should conduct whatever further proceedings are needed to give the Bank an opportunity to prove the amount of Paeth's indebtedness.

Affirmed in part, reversed in part, and remanded for further proceedings.


LaROSE and SLEET, JJ., Concur.