DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUSAN FAITH WERB,**
Appellant,

v.

**GREEN TREE SERVICING LLC,** as Servicing Agent for **GMAC MORTGAGE, LLC** (successor by merger to GMAC Mortgage Corporation),
**EAST COAST RECOVERY, INC.,** and
**CAPITAL ASSET MANAGEMENT, LLC.,**
Appellees.

No. 4D15-4809

[December 13, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; F. Shields McManus, Judge; L.T. Case No. 432013CA000299.

Brian Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellant.

Brandon S. Vesely of Albertelli Law, Tampa, for appellee Green Tree Servicing, LLC.

PER CURIAM.

In this appeal of a mortgage foreclosure final judgment, the appellant claims appellee lacked standing to foreclose the mortgage and introduced no legally sufficient evidence to sustain the damages sought. We affirm as to standing but reverse on the calculation of damages.

As to the standing issue, we affirm on the authority of *Federal National Mortgage Association v. Rafaeli*, 225 So. 3d 264 (Fla. 4th DCA 2017), which holds that possession of the note is the primary criteria to determine standing, even when the servicing rights have been transferred prior to the filing of the complaint. Here, the appellee possessed the note when the complaint was filed.

We reverse the final judgment as to the amount of damages, which was not proved by legally sufficient evidence. The bank's witness identified the

payment history and then was shown the final judgment, which was not admitted into evidence and thus, cannot support the final judgment. *See Wolkoff v. Am. Home Mortgage Servicing, Inc.*, 153 So. 3d 280, 281-82 (Fla. 2d DCA 2014) ("A document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment."). She testified that the contents of the proposed final judgment comported with the business records and then testified that the final judgment contained the total amount sought. She did not testify as to the individual amounts. While the payment history was admitted into evidence, it did not show the calculation of interest on the loan, nor did it show all the other charges sought in the final judgment, including title searches, insurance costs, court costs, and attorney's fees. Thus, the amounts were not proved. In *Peuguero v. Bank of Am., N.A.*, 169 So. 3d 1198, 1200-01, 1203-04 (Fla. 4th DCA 2015), where the payment history was admitted into evidence but no evidence was introduced to show the calculation of interest, we reversed and remanded for further proceedings to establish the amounts due. We approve the same result in this case and remand for further proceedings to establish the amount of damages.

*Affirmed in part; reversed in part and remanded for further proceedings.*

WARNER, TAYLOR and DAMOORGIAN, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***