NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

G. SCOTT RICHARD,                  )
                                   )
          Appellant,               )
                                   )
v.                                 )        Case No. 2D18-4599
                                   )
ASSET MANAGEMENT WEST 15, LLC,)
                                   )
          Appellee.                )
_____ )

Opinion filed December 4, 2019.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Ryan C. Torrens of Torrens Law Group,
P.A., Tampa, and Charles E. Stoecker
and William L. Grimsley of McGlinchey
Stafford, Fort Lauderdale, for Appellant.

Alex L. Braunstein of LeClair Ryan PLLC,
West Palm Beach, for Appellee.


NORTHCUTT, Judge.

          G. Scott Richard challenges a final summary judgment of foreclosure in

favor of Asset Management West 15.  Richard raises several appellate issues, but we

find merit only in his assertion that there was insufficient evidentiary support for the

amount awarded in the judgment.  We agree with him on this point and remand for

further proceedings.

The judgment amount was based on figures set forth in the affidavit of Kenan Thayer, a manager for Asset Management. However, Thayer did not attach any business records to his affidavit, and there is nothing in the court record to support the amounts claimed in the affidavit. Richard filed a response to Asset Management's motion for summary judgment in which he contested the amounts claimed to be due and owing in Thayer's affidavit, including the principal, the accrued unpaid interest, and the late charges. At the hearing on the motion for summary judgment, Richard argued that Thayer's affidavit, without business records attached, was insufficient evidence of the amount owed. He also argued that the affidavit would have been hearsay even if the business records had been attached because the previous servicer's records were not verified by way of a sworn affidavit.

In another mortgage foreclosure case, Wolkoff v. American Home Mortgage Servicing, Inc., 153 So. 3d 280, 281 (Fla. 2d DCA 2014), this court held that there was insufficient evidence to support the indebtedness amount found. At the bench trial in that case, the representative for American Home Mortgage "merely confirmed that the totals given to him on a proposed final judgment 'seemed accurate.' " Id. No business records were submitted into evidence. Id. This court stated:

> It is axiomatic that the party seeking foreclosure must present sufficient evidence to prove the amount owed on the note. Typically[,] a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee's business records and confirm that they accurately reflect the amount owed on the mortgage. Thereafter, the business records are admitted into evidence.

Id. at 281. Here, no business records were attached to Thayer's affidavit, and there was no authentication of any business records. Thayer's affidavit, standing alone, could not

establish the amount of Richard's indebtedness, and it was an insufficient basis for the summary judgment.

Reversed and remanded for further proceedings.

LaROSE and SMITH, JJ., Concur.