PER CURIAM.
Thomas Webster appeals the final judgment of foreclosure rendered in favor of Chase Home Finance, LLC. He contends that he was not given proper notice of the default in payments.
We believe the issue is an evidentiary matter. Under the specific provisions of the mortgage, notice to one mortgagor constitutes sufficient notice to the other mortgagor, and Webster does not contend otherwise. Chase attempted to prove that notice was provided to the other mortgagor, Patrice Kelty, at the address Kelty had designated in a written change-of-address document she had provided to Chase. This written change of address was permitted under the provisions of the mortgage. However, the problem is that Chase was allowed, over Webster’s hearsay objection, to present oral testimony from a witness regarding this change of address and its notice to Kelty at that new address. The trial court should have required Chase to present its business record of the written change-of-address document that it claims Kelty executed to change the address where notice was to be provided. The trial court abused its discretion in allowing this oral testimony over Webster’s objection.
Accordingly, we reverse the judgment under review and remand for further proceedings on the issue of proof of the written change-of-address document allegedly signed by Kelty. See Sas v. Fed. Nat’l Mortg. Ass’n, 112 So.3d 778 (Fla. 2d DCA 2013); see also Holt v. Calchas, LLC, 39 Fla. L. Weekly D2305, 2014 WL 5614374 (Fla. 4th DCA Nov. 5, 2014) (citing to Sas and holding that the “proper” approach to handling the failure of the lender to provide information sufficient to show the debt due was to remand for further proceedings based on the error of allowing a witness to testify over a hearsay objection).
REVERSED and REMANDED for further proceedings.
SAWAYA, PALMER, and ORFINGER, JJ., concur.