WALLIS, J.
Larry and Sheryl Helton (“Appellants”) appeal the trial court’s entry of final judgment of foreclosure in favor, of Green Tree Servicing, LLC, the current servicer of a mortgage obtained from Appellee, Bank of America (“BOA”).[1] Appellants argue, inter alia, that the trial court abused its discretion by allowing testimony concerning the contents of business records not in evidence. Finding the trial court erred by allowing this testimony and determining that BOA complied with the mortgage’s pre-foreclosure notice requirements, we reverse the final judgment of foreclosure and remand for further proceedings.
On May 15, 2013, BOA filed a complaint to foreclose on Appellants’ mortgage. On May 28, 2014, the trial court substituted Green Tree as the new plaintiff. At trial, Green Tree’s witness established a sufficient foundation to offer into evidence the records it obtained.from BOA. Regarding the notice of default, however, the witness testified, over Appellants’ hearsay objection, that BOA’s records indicated it mailed the notice of default on January 10, 2013. Green Tree did not offer these records into evidence. <•
The witness also testified that the mortgage required the holder to send all correspondence to the property address, but BOA instead mailed the notice of default to a P.O. Box registered to Mr. Helton’s em *247 ployer. The witness testified, over Appellants’- hearsay objection, that BOA’s records contained a note that Mr. Helton called BOA and requested a change-of-address. Again, Green Tree did not offer into evidence the record on which the witness relied. .,
“A trial court has wide discretion in determining the admissibility of evidence, and, absent an abuse of discretion, the trial court’s ruling on evidentiary matters will not be overturned.” LaMarr v. Lang, 796 So.2d 1208, 1209 (Fla. 5th DCA 2001) (citing Dale v. Ford Motor Co., 409 So.2d 232, 234 (Fla. 1st DCA 1982)). However, “that discretion is limited by the rules of evidence.” Michael v. State, 884 So.2d 83, 84 (Fla. 2d DCA 2004) (citations omitted).
“Paragraph 22- of the mortgage sets forth a pre-suit requirement that the lender give'the borrower thirty days’ notice and an opportunity to cure the default prior to filing suit.” Dominko v. Wells Fargo Bank, N.A., 102 So.3d 696, 698 (Fla. 4th DCA 2012). “Paragraph 22 of the mortgage creates a condition precedent that Bank must satisfy prior to accelerating the loan and commencing the foreclosure action.” Colon v. JP Morgan Chase Bank, NA, 162 So.3d 195, 196 (Fla. 5th DCA 2015) (citing Samaroo v. Wells Fargo Bank, 137 So.3d 1127 (Fla. 5th DCA 2014)).
We first turn to Appellants’ argument that Green Tree failed to present admissible evidence demonstrating that BOA mailed the notice of default prior to foreclosure. Section 90,803(6), Florida Statutes (2014), provides a hearsay exception for records of regularly conducted business activity. However, “[o]ral testimony concerning business records is not admissible under this exception.” Bolin v. State, 736 So.2d 1160, 1167 (Fla.1999) (citations omitted). “While the business , records exception to the hearsay rule allows the admission of- a memorandum, report, record, or data compilation, it does not authorize hearsay testimony concerning the contents of business records which have not been admitted into evidence.” Thompson v. State, 705 So.2d 1046, 1048 (Fla. 4th DCA 1998) (citations omitted).
Here, because Green Tree’s, witness testified regarding the contents of a business record not in evidence, the trial court should have sustained Appellants’ hearsay objection. See Cardona v. Nationstar Mortg., LLC, 174 So.3d 491, 493 (Fla. 4th DCA 2015) (“Because the business records were not introduced into evidence, the trial court erred by overruling the homeowners’ hearsay objection.”). Absent this testimony, Green Tree offered insufficient evidence to establish that BOA complied with the mortgage’s pre-foreclosure notice requirements.
We next turn to Appellants’ argument that Green Tree failed to present admissible evidence demonstrating that BOA mailed the notice of default to the correct address. We addressed this issue in Webster v. Chase Home Finance, LLC, 155 So.3d 1219, 1220 (Fla. 5th DCA 2015). In Webster, the bank’s witness testified over objection that the bank did not send the notice of default to the property address because the borrowers sent a written change-of-address request. Id. at 1220. We reversed, explaining:
the problem is -that [bank] was allowed, over [borrower’s] hearsay objection, to present oral testimony from a witness regarding this changes of address and its notice to [borrower] at that new address. The trial court should have required [bank] to present -its business record of the written change-of-address document that it claims [borrower] executed to change the address where notice was to *248 be provided. The trial court abused its discretion in allowing this oral testimony-over [borrower’s] objection.
Id. Rather than dismissing the case outright, we construed this as an evidentiary issue and remanded for further proceedings. . Id.
Here, as in Webster, the trial court abused its discretion by allowing testimony regarding a change-of-address record not in evidence. See id. Therefore, we reverse the final judgment of foreclosure and remand for Green Tree to provide evidence demonstrating that: (1) BOA mailed the notice of default and (2) Appellants requested a change-of-address for that notice.
REVERSED and REMANDED for Further Proceedings.
PALMER and EDWARDS, JJ., concur.

. Although the trial court substituted Green Tree as party plaintiff, it denied Green Tree's motion to change the style of the case. Green Tree does not participate on appeal.