FORST, J.
Appellants Barbara Lasala, James Lasa-la, and Richard Coulter appeal a final judgment of foreclosure entered in favor of Appellee Nationstar Mortgage, LLC. Because we agree with the Appellants that Nationstar failed to prove its damages at trial, we reverse and remand for recalculation of damages. We affirm on the other issues raised by the Appellants without further discussion.
Background
A prior plaintiff, Aurora Loan Services, LLC, initiated this foreclosure action against the Appellants in September 2009, alleging the Appellants had defaulted on then* obligations under a promissory note. Prior to trial, Nationstar was substituted as the plaintiff.
At trial, Nationstar called one of its employees to testify.' The employee provided the foundation for the admission of several documents under the business records exception to hearsay, including the original note, mortgage, default letter, and loan payment history.
The employee stated that she had confirmed the amounts in the payment history and that these figures had been verified as part of Nationstar’s boarding process. She further testified that she had reviewed the judgment figures in the, proposed final judgment and that they accurately matched the payment history. Notably, however, the proposed final judgment was never admitted into evidence and the employee never provided a specific figure for Nationstar’s damages.
The Appellants moved to dismiss, arguing Nationstar failed to establish the debt owed. The trial court denied the motion and later entered final judgment in favor of Nationstar. This appeal followed. .
Analysis
On "appeal, the Appellants again argue Nationstar failed to prove the amounts owed in the final judgment, as the employee failed to present a total -sum due in her testimony and’ the proposed judgment the employee referred to was not in evidence. As such, the Appellants contend the case should be reversed and remanded for involuntary dismissal. Nationstar admits that the full judgment amount is not supported in the record and urges this Court to recalculate the interest due on the n’ote or remand for recalculation at the trial court.
A claim regarding the sufficiency of the evidence is reviewed for competent substantial evidence. Colson v. State Farm Bank, F.S.B., 183 So.3d 1038, 1040 (Fla. 2d DCA 2015).
The current case is analogous to Peuguero v. Bank of America, N.A., 169 So.3d 1198 (Fla, 4th DCA 2015). In that case, like here, “the-only evidence of the amount of interest owed by Appellants came from the witness, who merely testified that the •amount written on a proposed final judgment was correct.” Id. at 1203. The proposed judgment was not admitted into evidence and the payment history, though admitted, failed to account for the full interest awarded in the judgment. Id.
Nationstar was required to provide competent substantial evidence of its damages. The proposed judgment, alone, was insufficient, as a “document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment.” Id. (quoting Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 *1230 So.3d 280, 281-82 (Fla. 2d DCA 2014)). The payment history introduced at trial supports the trial court’s finding as to the principal amount owed on the loan, but does not appear to reflect the amount of interest in the judgment. Therefore, it is clear that Nationstar insufficiently proved its damages in this case.
When faced with plaintiffs that failed to prove damages in an initial foreclosure action, courts have remanded for either recalculation of damages or dismissal. Compare Peuguero, 169 So.3d at 1204 (remanding for recalculation), and Sas v. Fed. Nat’l Mortg. Ass’n, 112 So.3d 778, 780 (Fla. 2d DCA 2013) (same), with Wolkoff, 153 So.3d at 283 (remanding for dismissal). We discussed the rationale for different outcomes in Beauchamp v. Bank of New York, 150 So.3d 827 (Fla. 4th DCA 2014), noting that “in Sas, the plaintiff ‘submitted evidence' of the amount of indebtedness through witness testimony,’ although that testimony was inadmissible hearsay, unlike the plaintiff in Wolkoff, who failed to offer any evidence at all — whether admissible or not.” Id. at 829 n. 2.
In this ease, Nationstar attempted to establish the amount of indebtedness through the testimony of its witness, but failed to admit one of the documents on which she relied. However, like the plaintiff in Peuguero, Nationstar admitted the loan payment history, which provides some evidence the trial court can use to support a judgment on the principal amount owed. Peuguero, 169 So.3d at 1204. Accordingly, “the proper remedy in this case is to remand for further proceedings to properly establish the damages owed.” Id.
Conclusion
The trial court erred in entering final judgment for an amount not supported by evidence in the record. We therefore reverse and remand for determination of the amounts owed.

Affirmed in part, reversed in part, and remanded.

GROSS and KLINGENSMITH, JJ, concur.