IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RHONDA K. MILLER AND
EDWARD D. MILLER,

      Appellants,

 v.                                 Case No.  5D15-780

BANK OF AMERICA, N.A., ET AL.,

      Appellees.

_____/

Opinion filed October 28, 2016

Appeal from the Circuit Court
for Volusia County,
William A. Parsons, Judge.

James R. Evans, of James R. Evans, P.A.,
Daytona Beach, for Appellants.

Alan M. Pierce, of Liebler Gonzalez &
Portuondo, Miami, for Bank of America,
N.A, Appellee.

No appearance for other Appellees.


EDWARDS, J.

      Rhonda and Edward Miller ("Appellants") appeal from the final judgment of

foreclosure in favor of Bank of America, N.A. ("Appellee"). The issues in this appeal are

familiar in foreclosure cases: whether Appellee had standing to sue and whether the

documents Appellee relied on fit within the business records exception to the hearsay rule. The lack of documentation here, however, was unusual: Appellee, which was not the original lender, did not offer any assignments, indorsements, or alloneges to prove that it had standing to sue. Appellants argue, and we agree, that the trial court erred in admitting a screenshot of a document referred to as an "LNTH" into evidence over their hearsay objection, as the foundation for the business records exception was not established. Because the erroneously admitted LNTH document was the only evidence of Appellee's standing to sue, we reverse.

Originally, Appellants executed a note and mortgage in favor of SunTrust. Appellee alleged in its complaint that SunTrust assigned the mortgage to Appellee; however, at trial, Appellee did not rely on the assignment or introduce the assignment into evidence. Instead, Appellee relied on the testimony of its sole witness, Ms. Allen, in an effort to establish its standing to foreclose. Ms. Allen testified that SunTrust sold the loan to Appellee and as part of that transaction, SunTrust physically transferred the original promissory note to Appellee. There was no proof of an indorsement from SunTrust to Appellee, nor proof of an indorsement in blank. SunTrust remained as the mortgage servicer even after the supposed transfer to Appellee.

When Appellants defaulted on the mortgage, Appellee allegedly returned the original note to SunTrust. Typically, SunTrust would have sent the note to trial counsel to commence foreclosure proceedings. However, the note was lost before it reached trial counsel. Ms. Allen testified that the loss of the note occurred in May 2012, but she did not know any specifics of how the note was lost. Appellee's foreclosure complaint included a count to reestablish the lost note and mortgage.

2

Ms. Allen's testimony that SunTrust sold Appellants' loan to Appellee was not based on personal knowledge. Instead, she relied entirely upon a screen shot of a computer-generated document referred to as a Loan Transfer History ("LNTH") that, in pertinent parts, identifies Appellant Rhonda Miller as the borrower and states "05/22/06 SALE TO BANK OF AMERICA." Ms. Allen testified that she did not know who entered that information or whether it was entirely computer generated. She indicated that she was certain that other documents showed Appellants' loan was transferred to Appellee, but she did not have such documents with her. Appellant Rhonda Miller testified that neither she nor her husband, Edward Miller, received notification that the loan was sold or transferred to Appellee.

Ms. Allen's affirmative answers to the business record foundation questions do not overcome her demonstrated lack of knowledge about the creation, accuracy, or trustworthiness of the LNTH document. *See Yang v. Sebastian Lakes Condo. Ass'n, Inc.,* 123 So. 3d 617, 621 (Fla. 4th DCA 2013) (holding that the witness failed to establish the foundation for the business records exception even though she "employed all of the 'magic words'"). Thus, the trial court erred in admitting the LNTH screenshot into evidence. "A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (internal citations omitted). As the trial court noted, Appellee's proof of standing was thin even with the LNTH document. Excluding the inadmissible LNTH document from consideration, we find Appellee did not establish that it had standing to foreclose. We

reverse and remand with directions for the trial court to vacate the final judgment and conduct a new trial.

REVERSED AND REMANDED.


TORPY and EVANDER, JJ., concur.

4