NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREA S. EVANS, )
)
     Appellant, )
)
v. )     Case No. 2D15-433
)
HSBC BANK, USA, NATIONAL )
ASSOCIATION; ASSOCIATION OF )
POINCIANA VILLAGES )
INCORPORATED; POINCIANA )
VILLAGE SEVEN ASSOCIATION, )
INCORPORATED; AINSLEY JONES; )
UNKNOWN TENANT(S) IN )
POSSESSION OF THE SUBJECT )
PROPERTY, )
)
     Appellees. )
_____)

Opinion filed May 5, 2017.

Appeal from the Circuit Court for Polk
County; Cecelia M. Wilhite, Senior Judge.

Dineen Pashoukos Wasylik of DPW Legal,
Tampa, for Appellant.

Wm. David Newman, Jr. of Choice Legal
Group, P.A., Fort Lauderdale, for Appellee
HSBC Bank, USA, N.A.

No appearance for remaining Appellees.


LaROSE, Judge.

Andrea S. Evans appeals the final judgment of foreclosure entered in favor of HSBC Bank, USA, National Association (HSBC Bank), and the dismissal of her counterclaim. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Ms. Evans raises five issues on appeal.[1] The parties agree that we should reverse and remand as to two issues: (1) the trial evidence was legally insufficient to establish the amount owed by Ms. Evans on her home loan; and, (2) the trial court erred in dismissing with prejudice Ms. Evans' counterclaim for trespass. We reverse and remand for further proceedings on these two issues. We affirm the final judgment in all other respects without further comment.

As to the first issue noted, above, the parties disagree as to the proper relief that the trial court should afford on remand. Ms. Evans contends that because HSBC Bank failed to prove damages, we should direct the trial court to dismiss the case. HSBC Bank, on the other hand, argues that the trial court should conduct further proceedings to determine the amount of the debt owed. As explained below, we agree with HSBC Bank on this point.

**Background**

In 2006, Ms. Evans financed the purchase of a home by executing a promissory note and mortgage in favor of HSBC Mortgage Corporation. HSBC Mortgage endorsed the note in blank. Following Ms. Evans' 2009 payment default, HSBC Bank, as the noteholder and mortgage servicer, sued to foreclose. Ms. Evans

---

[1]Ms. Evans originally raised six issues, but withdrew an issue after briefing.

answered the complaint, raising several affirmative defenses, and a trespass counterclaim. The trial court dismissed the counterclaim, finding that the allegations lacked particularity.[2]

At a 2014 bench trial, HSBC Bank offered the testimony of Angela Stubblefield, from PHH Mortgage Corporation, a loan subservicer for HSBC Bank. Her knowledge of the loan came from reviewing HSBC Bank's records. Through Ms. Stubblefield's testimony, HSBC Bank sought to admit a payment history into evidence. The payment history was based on records from three different servicers.

Ms. Stubblefield confirmed that PHH created little of the twenty-five-page payment history. In fact, an entity named "The Mortgage Service Center" created a significant portion. Ms. Stubblefield insisted that the entire payment history was a business record "because they were transferred over to . . . PHH." Yet, she could only surmise that the payment history entries were "made by an individual with the responsibility to enter data accurately and contemporaneously with the events recorded." Ms. Stubblefield was unable to testify as to the procedures used to "board" the entries into PHH's records. Over Ms. Evans' objections, the trial court admitted the payment history into evidence. Ms. Stubblefield then testified that the damages reflected in the proposed judgment were accurate. HSBC Bank neither offered nor

---

[2]The order operated as a dismissal with prejudice. See Fla. R. Civ. P. 1.420(b) ("Unless the court in its order for dismissal otherwise specifies . . . any dismissal . . . other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party . . . operates as an adjudication on the merits."); 1.420(c) (applying the provisions of rule 1.420 to counterclaims).

admitted the proposed judgment into evidence. The trial court entered a final judgment in favor of HSBC Bank.

**Analysis**

I.       The Payment History as Evidence of Damages

We review a trial court's decision on the admissibility of evidence for an abuse of discretion; that discretion, however, is limited by the rules of evidence. See Sottilaro v. Figueroa, 86 So. 3d 505, 507 (Fla. 2d DCA 2012). Thus, we apply a de novo standard of review to the extent that the trial court's ruling is an interpretation of the evidence code or case law construing the code. See id.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial . . . , offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2014). Hearsay is inadmissible, unless specifically exempted under the evidence code. § 90.802. Business records are such an exception. See § 90.803(6)(a).

To admit the payment history into evidence as a business record, HSBC Bank had to prove the following:

> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) [it] was a regular practice of that business to make such a record.

Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008). Although HSBC Bank did not have to present the testimony of the individual who actually prepared the payment history, "the witness through whom a document is being offered must be able to show each of the requirements for establishing a proper foundation." Mazine v. M & I Bank, 67 So. 3d

1129, 1132 (Fla. 1st DCA 2011) (citing Forester v. Norman Roger Jewell & Brooks, 610 So. 2d 1369, 1373 (Fla. 1st DCA 1992)).

"Typically a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee's business records and confirm that they accurately reflect the amount owed . . . ." Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 281 (Fla. 2d DCA 2014). Ms. Stubblefield was not a competent witness. She was unable to testify to any of the procedures of the prior servicers or to PHH's own procedures to incorporate the prior servicer's records into its own. Although Ms. Stubblefield testified that the payment histories maintained by HSBC Mortgage and HSBC Bank were transferred to PHH, and that PHH used the same servicing system as HSBC Bank, she offered no testimony concerning the accuracy of the prior servicer's records before they were boarded into PHH's system. Quite simply, Ms. Stubblefield lacked any knowledge as to the preparation or maintenance of the payment history or the accuracy of its contents.

Despite these shortcomings, Ms. Stubblefield testified that the payment history was a business record, contemporaneously and routinely created and kept in the regular course of business. Nevertheless, the payment history did not meet the safeguards of section 90.803(6)(a). See Landmark Am. Ins. Co. v. Pin-Pon Corp., 155 So. 3d 432, 441 (Fla. 4th DCA 2015) ("[T]he fact that a witness employed all the 'magic words' of the exception does not necessarily mean that the document is admissible as a business record." (citing Yang v. Sebastian Lakes Condo. Ass'n, 123 So. 3d 617, 621-22 (Fla. 4th DCA 2013))). Accordingly, the admission of the payment history into

evidence was erroneous.  Consequently, HSBC Bank failed to present sufficient evidence as to its damages.  See Wagner v. Bank of Am., N.A., 143 So. 3d 447, 448 (Fla. 2d DCA 2014) ("A damages award must be supported by competent, substantial evidence." (citing Shakespeare v. Prince, 129 So. 3d 412, 413-14 (Fla. 2d DCA 2013))).  We must reverse this portion of the final judgment.

We now address the appropriate remedy on remand.  "It is axiomatic that the party seeking foreclosure must present sufficient evidence to prove the amount owed on the note."  Wolkoff, 153 So. 3d at 281.  Generally, "[w]hen a party seeking monetary damages fails to establish an evidentiary basis for the damages ultimately awarded at trial, reversal for entry of an order of dismissal is warranted."  Id. at 283 (citing Morton's of Chi., Inc. v. Lira, 48 So. 3d 76, 80 (Fla. 1st DCA 2010)).

Ms. Evans argues that we should direct the trial court to dismiss the foreclosure case.  "[A]ppellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof."  Correa v. U.S. Bank Nat'l Ass'n, 118 So. 3d 952, 955 (Fla. 2d DCA 2013) (alteration in original) (quoting Morton's, 48 So. 3d at 80)); see also Carlough v. Nationwide Mut. Fire Ins. Co., 609 So. 2d 770, 771–72 (Fla. 2d DCA 1992) ("[U]pon remand, Nationwide should not be given a second bite at the apple to present evidence which it failed to produce at the scheduled evidentiary hearing." (citing In re Forfeiture of 1987 Chevrolet Corvette, 571 So. 2d 594 (Fla. 2d DCA 1990))).  Significantly, however, courts have drawn a distinction between cases in which the plaintiff submitted some evidence of damages and cases where there has been a complete failure of proof on the issue.  See Beauchamp v. Bank of N.Y., 150 So.

3d 827 (Fla. 4th DCA 2014); Lasala v. Nationstar Mortg., LLC, 197 So. 3d 1228 (Fla. 4th DCA 2016). For instance, in Sas v. Federal National Mortgage Ass'n, 112 So. 3d 778, 779 (Fla. 2d DCA 2013), the bank offered witness testimony as to the amount of indebtedness, but offered no business records to support the testimony. Similar to Ms. Evans' case, the witness "had no personal knowledge of the amount of the debt . . . and testified about the amount based only on his review of [the servicer]'s business records related to the loan." Id. The Sas court affirmed the final judgment, but reversed and remanded for the trial court to determine the amount of damages with nonhearsay evidence. Id. at 780; see also Peuguero v. Bank of Am., N.A., 169 So. 3d 1198, 1204 (Fla. 4th DCA 2015) (affirming final judgment of foreclosure but reversing and remanding for determination of the amounts owed where "the Bank established the amount of indebtedness through witness testimony, even though that testimony concededly was inadmissible hearsay" (quoting Beauchamp, 150 So. 3d at 829 n.2)).

In contrast, the plaintiff in Wolkoff sought to prove damages by eliciting testimony from a witness based solely upon the proposed final judgment. We rejected the attempt to introduce the contents of the proposed final judgment as substantive evidence. Wolkoff, 153 So. 3d at 281-82 ("A document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment."). The Wolkoff court reasoned that "[u]nlike the lender[] in [Sas] . . . [plaintiff] failed to submit into evidence either the amount of indebtedness or the business records on which the amount was based." Id. at 282.

In the case before us, HSBC Bank sought to establish the amount owed through Ms. Stubblefield's testimony concerning the payment history. That record, although admitted into evidence, was hearsay. Yet, unlike the Wolkoff plaintiff, Ms. Stubblefield's testimony showed that HSBC Bank did not fail "to offer any evidence at all—whether admissible or not." Beauchamp, 150 So. 3d at 829 n.2; see also Ottawa Props. 2 LLC v. Cent. Mortg. Co., 202 So. 3d 102, 103 (Fla. 4th DCA 2016) ("Because there was some, but insufficient, evidence of the total amount of indebtedness, we reverse on the issue of damages and remand for further proceedings."). Our case aligns with Sas. Thus, the "proper remedy . . . is to remand for further proceedings to properly establish the damages owed." Peuguero, 169 So. 3d at 1204.

II.    Dismissal of Trespass Counterclaim

Finally, because the trial court erred in dismissing Ms. Evans' counterclaim for trespass without leave to amend, we reverse the order dismissing the counterclaim and remand with directions that Ms. Evans be permitted to file an amended counterclaim. See Strader v. Carpenters Crest Owners Ass'n, Inc., 968 So. 2d 621, 622 (Fla. 2d DCA 2007); Rohlwing v. Myakka River Real Props., Inc., 884 So. 2d 402, 405-407 (Fla. 2d DCA 2004).

**Conclusion**

Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.

CRENSHAW and MORRIS, JJ., Concur.