IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICHARD M. RIGBY,

     Appellant,

v.

BANK OF NEW YORK
MELLON, f/k/a The Bank of New
York, as Trustee for the
Certificateholders of CWMBS,
Inc., Alternative Loan Trust 2006-
8T1, Mortgage Pass-Through
Certificates, Series 2006-7,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-665

Opinion filed September 18, 2017.

An appeal from the Circuit Court for Bay County.
James Fensom, Judge.

Douglas L. Smith of Burke, Blue, Hutchison, Walters & Smith, P.A., Panama City;
Michael R. Reiter, Lynn Haven, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa, for Amicus Curiae Mark P. Stopa, Esq.
and Stopa Law Firm, in support of Appellant.

Mary J. Walter and Tricia J. Duthiers of Liebler Gonzalez & Portuondo, Miami,
for Appellee.

Marissa M. Yaker, Robert K. Bowen and Timothy D. Padgett of Padgett Law
Group, Tallahassee; Robert R. Edwards and Ari Miller of Choice Legal Group,
P.A., Ft. Lauderdale; David Rosenberg of Robertson, Anschutz & Schneid, PL,
Boca Raton; Andrea R. Tromberg and Jason Joseph of Gladstone Law Group,
P.A., Boca Raton; Michelle Garcia Gilbert and Jennifer Lima-Smith of Gilbert

Garcia Group, P.A., Tampa, for Amicus Curiae American Legal and Financial Network, in support of Appellee.

Carrie Ann Wozniak, Joseph E. Foster and Sara A. Brubaker of Akerman LLP, Orlando; Richard H. Martin of Akerman LLP, Tampa, for Amicus Curiae The Florida Bankers Association, in support of Appellee.
Kenneth B. Bell and John W. Little, III of Gunster, West Palm Beach; Robert W. Goldman of Goldman Felcoski & Stone, P.A., Naples, for Amicus Curiae The Real Property Probate and Trust Law Section of The Florida Bar.

PER CURIAM.

AFFIRMED. *Ashby v. Wells Fargo Bank, N.A.*, 221 So. 3d 1217 (Fla. 1st DCA 2017).

B.L. THOMAS, C.J., and OSTERHAUS, J., CONCUR; BILBREY, J., DISSENTS WITH OPINION.

BILBREY, J., Dissenting.

Richard Rigby challenges the final judgment of foreclosure in favor of Bank of New York Mellon, f/k/a the Bank of New York, as Trustee for the Certificate Holders CWMBS, Inc., Alternative Loan Trust 2006-8T1 Mortgage Pass-Through Certificates Series 2006-7 (BONY), on grounds that certain evidence at trial was improperly admitted and that the evidence was insufficient to prove that BONY had standing to enforce the note on the date the original foreclosure complaint was filed. Having reviewed the documents and testimony presented at trial and in the record, I believe that evidence was improperly admitted, and without that improperly admitted evidence, there was insufficient proof of BONY's standing. Therefore, I would reverse the final judgment and remand for a new trial. Since the majority affirms the decision of the trial court, I respectfully dissent.

BONY filed the original complaint for foreclosure on May 14, 2010, alleging that Mr. Rigby's mortgage was in default due to his failure to pay the amount due September 1, 2009, and amounts due thereafter. Paragraph 8 of the complaint alleged that BONY "owns and holds the note and mortgage." Attached to the complaint was a copy of a promissory note obligating Mr. Rigby to repay a loan from lender BankTrust and a copy of the mortgage securing the note. The signature page of the copy of the note included an undated special indorsement from an officer of BankTrust to "the order of Countrywide Bank, N.A." See

3

§ 673.2051(1), Fla. Stat. (stating that a special indorsement may only be negotiated by the person identified). In his answer and affirmative defenses, Mr. Rigby denied the allegations in paragraph 8 of the complaint pertaining to BONY's ownership and possession of the note and mortgage.

With leave of court, BONY filed an amended complaint with the same allegations in paragraph 8 to assert BONY's standing to enforce the note. However, the note attached to the amended complaint included two indorsements in addition to the special indorsement to Countrywide Bank, N.A., which appeared on the earlier filed copy. The next indorsement on the note attached to the amended complaint was from Countrywide Bank, N.A., to Countrywide Home Loans, Inc. The last of the additional indorsements was a blank indorsement from Countrywide Home Loans, Inc., making the note payable to bearer and negotiable by transfer of possession alone. See § 673.2051(2), Fla. Stat. ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). No dates appeared on any of the three indorsements.

Consistent with his original answer, in his answer to the amended complaint, Mr. Rigby again denied BONY's allegations that it owned and held the note and mortgage. Accordingly, BONY's status as a holder or other person entitled to enforce the note, pursuant to section 673.3011, Florida Statutes, continued to be a

4

contested matter which BONY was required to prove.  See Lacombe v. Deutsche Bank Nat'l Trust Co., 149 So. 3d 152, 154 (Fla. 1st DCA 2014) (citing Gee v. U.S. Bank Nat'l Ass'n, 72 So. 3d 211, 214 (Fla. 5th DCA 2011)) ("Accordingly, throughout the litigation Appellants disputed the fact of Deutsche Bank's right to enforce the note and attendant standing to maintain an action for foreclosure. Deutsche Bank's ownership of the note was thus an issue it was required to prove.").

It is well-settled that where "the plaintiff files the original note after filing suit, an undated blank endorsement [sic] on the note is insufficient to prove standing at the time the initial complaint was filed." Tilus v. AS Michai LLC, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015); see also Kelly v. Bank of New York Mellon, 170 So. 3d 145, 146 (Fla. 1st DCA 2015) (quoting Tilus, 161 So. 3d at 1286).  Because the blank indorsement on the note in this case was undated, and BONY's status as the holder when the action was filed was a contested issue, BONY offered additional evidence at trial in an attempt to prove standing. See Walton v. Deutsche Bank Nat'l Trust Co., 201 So. 3d 831, 833 (Fla. 1st DCA 2016) ("Where the documentary evidence is insufficient to prove standing at the time of the filing of the complaint, a witness may provide sufficient testimony to prove standing.").

BONY presented the testimony of Melissa Sequete, Assistant Vice President

of Residential Credit Solutions, Inc. (RCS), the most recent loan servicer connected with the mortgage. Through Ms. Sequete's testimony, BONY presented a series of documents it advanced as proof that the note was indorsed in blank and in the possession of BONY as of the date the original complaint was filed. The trial court allowed the testimony and admitted the documents over Mr. Rigby's attorney's repeated hearsay objections. However, because Ms. Sequete began her employment with RCS in 2011, she had no personal knowledge of the location of the note on May 14, 2010; no explanation for the difference in the indorsements appearing on the copy of the note filed in 2010 and the original filed with the amended complaint in 2011; and no personal knowledge to offer evidence that the blank indorsement on the original note was in place as of May 14, 2010.

BONY attempted to prove standing by admitting certain business records through Ms. Sequete's testimony. A sufficient evidentiary foundation must be provided to admit business records over a hearsay objection. § 90.803(6)(a), Fla. Stat. As the Florida Supreme Court has stated:

> To secure admissibility under this exception, the proponent must show that (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008).

6

"Proper authentication by a witness requires that the witness demonstrate familiarity with the record-keeping system of business that prepared the document and knowledge of how the data was uploaded into the system." Burdeshaw v. Bank of New York Mellon, 148 So. 3d 819, 823 (Fla. 1st DCA 2014). Although the witness attempting to authenticate the business records of a predecessor business need not be the person who prepared the records or who is the custodian of the records, "since records crafted by a separate business lack the hallmarks of reliability inherent in a business's self-generated records, proponents must demonstrate not only that 'the other requirements of [the business records exception rule] are met' but also that the successor business relies upon those records and 'the circumstances indicate the records are trustworthy.'" Nationstar Mortgage, LLC, v. Berdecia, 169 So. 3d 209, 215 (Fla. 5th DCA 2015) (quoting Bank of New York v. Calloway, 157 So. 3d 1065, 1071 (Fla. 4th DCA 2015) (citations omitted)).[1]

The pooling and servicing agreement pertaining to BONY's trust and a document Ms. Sequete described as a "note routing history" were admitted into

---

[1] Other recent cases from the Fourth District hold a predecessor's business records are admissible by showing they were "boarded" into the successor's records with certain indicia of reliability. See Ocwen Loan Servicing, LLC v. Gundersen, 204 So. 3d 530 (Fla. 4th DCA 2016); Wells Fargo Bank, N.A. v. Eisenberg, 220 So. 3d 517 (Fla. 4th DCA 2017). However, I respectfully submit that the "kept in the ordinary course of business" requirement of Yisrael requires proof of familiarity with the predecessor's record-keeping practices, as Burdeshaw and Berdecia also require. Yisrael, 993 So. 2d at 956.

evidence as business records over hearsay objections. Ms. Sequete testified that the note was indorsed in blank when put into the trust on February 28, 2006. The implication from Ms. Sequete's testimony was that the blank indorsed note remained there and BONY was the holder when suit was filed. Ms. Sequete had knowledge of RCS' records and systems, but not as to the prior servicer, Bank of America. When asked if she had knowledge of whether Bank of America kept the records offered in the regular course of business, all she could testify to was industry standards. When asked about Bank of America's practices in making records, all she could testify to was what she read in the documents. Her association with Bank of America consisted only of training in how to function as a servicer and not as to how Bank of America kept its records. As such Ms. Sequete's testimony was an insufficient basis for admission of the pooling and service agreement and the note routing history. See § 90.803(6)(a); Yisrael; Burdeshaw; Hunter v. Aurora Loan Servs., 137 So. 3d 570 (Fla. 1st DCA 2014). Without these documents there was no evidence as to when the note went into the trust, so there was no evidence that BONY was the holder when the original complaint was filed. See Powers v. HSBC Bank USA, N.A., 202 So. 3d 121 (Fla. 2d DCA 2016) (holding that the attempt to prove standing failed where there was no evidence that a loan was included in a pooling and service agreement).[2]

---

[2] Had BONY been able lay a proper predicate for admission of the pooling and

As a result of the improperly admitted evidence I would reverse the final judgment of foreclosure and remand for a new trial.  See Evans v. HSBC Bank, USA, Nat'l Ass'n, 2017 WL 1829484 (Fla. 2d DCA May 5, 2017); Miller v. Bank of America, N.A., 201 So. 3d 1286 (Fla. 5th DCA 2016); Helton v. Bank of America, N.A., 187 So. 3d 245 (Fla. 5th DCA 2016).

---

service agreement and the note routing history under the business records exception, then I agree that they could have been used to show that BONY held the note at the time the initial complaint was filed and therefore had standing to sue. See Ashby v. Wells Fargo Bank, N.A., 2017 WL 887103 (Fla. 1st DCA March 6, 2017); Bolous v. U.S. Bank Nat. Ass'n, 210 So. 3d 691 (Fla. 4th DCA 2016); Deutsche Bank Nat. Trust v. Marciano, 190 So. 3d 166 (Fla. 5th DCA 2016).